IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michael Winegardner, et al., :
        Plaintiffs, : Case No. 2:11-cv-0905
    v. :
                         Magistrate Judge Kemp
Carl Schowengerdt,
    et al., :

        Defendants. :

ORDER

The Court held an initial pretrial conference in this case on January 24, 2012. All counsel were in attendance. Based on the documents that are part of the record, including the pending motion to dismiss and the parties' Rule 26(f) report, and based on discussions had at the conference, the Court makes the following order. This is a final order based on the parties' consent to the jurisdiction of the Magistrate Judge and the District Judge's order of reference (#13).

By way of background, this case was filed in the Court of Common Pleas of Fairfield County, Ohio, as a state law medical malpractice case. However, it appears from the notice of removal that the Muskingum Valley Health Center (not named as a defendant) was deemed by the Department of Health and Human Services to be an employee of the Public Health Service as of January, 2008. One of the named defendants, Dr. Carl Schowengerdt, was an employee of that Health Center, apparently beginning on May 5, 2008. Thus, he is also deemed to have been an employee of the Public Health Service on and after that date. The United States Attorney for this district has certified that

both the Health Center and Dr. Schowengerdt were acting within the scope of their employment with respect to the matters alleged in the complaint.  As a result, any claims covered by the certification can only be pursued under the procedures outlined by the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671 *et seq.*

The parties agree that, at the time the case was filed, and at the time of removal, plaintiffs had not submitted an administrative claim to the Department of Health and Human Services.  Exhaustion of the administrative claim procedure is a prerequisite to filing suit under the FTCA.  Thus, any claims covered by the Act are not properly before the Court.  That has led the United States to file a motion to dismiss for lack of jurisdiction.

The motion to dismiss is not opposed.  Plaintiffs' counsel has informed the Court that an administrative claim has been filed, but only recently, and there has been no disposition yet, so no FTCA claim may be filed at this time.  Thus, any claims which are subject to the FTCA must be dismissed.

The remainder of the claims in this case are purely state law claims over which the Court has no independent jurisdiction. The presence of claims subject to the FTCA was the sole basis for removal.  Once those claims are dismissed, the appropriate disposition of the remainder of the case is to remand it to the Fairfield County Court of Common Pleas.  This is so either because it would not be a sound exercise of the Court's discretion to retain this case, which involves only state-law claims against non-federal defendants and which is in its infancy with respect to discovery or other proceedings, or because the Court has never had such supplemental jurisdiction in the first instance.  See, e.g., Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996) ("[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1),

then supplemental jurisdiction can *never* exist")(emphasis in original); see also Morris v. Washington Mut. Bank, 2011 WL 4507359, *3 (E.D. Mich. September 29, 2011).

For the foregoing reasons, the United States' motion to dismiss (#5) is granted. All claims asserted against defendant Dr. Schowengerdt for actions which took place on or after May 5, 2008, are dismissed for lack of jurisdiction, which dismissal shall be without prejudice to the filing of an action under the FTCA should all necessary prerequisites for bringing such an action be satisfied. All other claims against both Dr. Schowengerdt and the remaining defendants are remanded to the Court of Common Pleas of Fairfield County, Ohio. This case is terminated.

/s/ Terence P. Kemp
United States Magistrate Judge